UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LINDA G. MARCUM and          )
LARRY MARCUM,                )
      Plaintiffs,          )
                             )
v.                           )          NO.  2:10-CV-10
                             )
                             )
EASTMAN CREDIT UNION,        )
JOHNSON CITY TOWING,         )
KENNETH CARROLL, and         )
GLEN KELLER,                 )

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is brought for alleged violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Tennessee version of the

Uniform Commercial Code, Tenn. Code Ann. § 47-9-101 et seq. ("UCC") and various

pendent state law claims arising out of the alleged wrongful repossession and

conversion of plaintiffs' vehicle.  Pending before the Court are the motions of Linda

G. Marcum and Larry Marcum (hereinafter referred to collectively as "plaintiffs") to

dismiss the counterclaim of Kenneth Carroll d/b/a Johnson City Towing and Recovery

("Carroll") and Glen Keller ("Keller") and the counterclaim filed by Eastman Credit

Union ("ECU") (hereinafter collectively referred to as "defendants") pursuant to Rule

12 of the Federal Rules of Civil Procedure. Carroll and Keller have responded to the motion. ECU has not responded to the motion.

The plaintiffs' motions such dismissal of the defendants' counterclaims either pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Court finds that the defendants' counterclaims are subject to dismissal based on either lack of subject matter jurisdiction or failure to state a claim; however, the Court, for the purpose of this motion will assume subject matter jurisdiction and consider the merits of the plaintiffs' 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. For the reasons which follow, the motions to dismiss will be **GRANTED.**

## I.  Rule 12(b)(6) Standard of Review

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true.

*Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," id. at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Moreover, this Court need not "accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## II.    Defendants' Counterclaims

The Counterclaims filed by the defendants allege that the plaintiffs brought their action in bad faith and for the purpose of harassment. The defendants seek

reasonable attorney's fees pursuant to Title 15 United States Code section 1692k(a)(3).[1] [Docs. 7 and 8.]

III.    Analysis

The FDCPA allows a defendant sued under the Act to seek relief in the form of reasonable attorney's fees"[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment. . . ."  15 U.S.C. § 1692k(a)(3).  While some courts have found that a counterclaim for attorney's fees under this section of the FDCPA is a valid cause of action, the purpose of section 1692k(a)(3) is not to provide defendants with a cause of action but rather to provide relief to a defendant subjected to litigation brought in bad faith.[2]  The plain language of the Act is indicative that a defendant may seek relief under the Act only after a finding by the court that the plaintiffs' action was brought in bad faith.  It necessarily flows that upon such a finding by the Court, the defendant would seek relief by filing a motion for attorney's fees under the Act.  This proposition is in accordance with the

---

[1]Carroll and Keller also allege damages and attorney's fees resulting from abuse of process.  This allegation was subsequently withdrawn in their Reply to Motion to Dismiss Countercomplaint of Kenneth Carroll and Glen Keller, [Doc. 20].

[2] *See Kropf v. TCA, Inc.*, No. 10-11989, 2010 WL 4722282 *3, – F.Supp.2d – (E.D. Mich. Nov. 22, 2010). *But see Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989) (stating counterclaims to recover attorney's fees for harassment under the Act may be considered factually and legally based claims); *Erickson v. Brock & Scott, PLLC*, No. 2:09-CV-02461, 2009 WL 4884424, *5 (W.D. Tenn. Dec. 8, 2009) (counterclaim for declaratory judgment on issue of bad faith seeking attorney's fees was valid).

plain language of the Act and is consistent with Rule 54 of the Federal Rules of Civil Procedure, which dictates that claims for attorney's fees are to be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). While it is clear that under the FDCPA the defendants may be entitled to relief in the form of attorney's fees, that relief is only available to the defendants upon this Court's finding that the plaintiffs' allegations were made in bad faith and only upon motion of the defendant after such finding by the Court.

## IV.     Conclusion

For the reasons set forth herein, the motions to dismiss filed by the plaintiffs, Linda G. Marcum and Larry Marcum pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, [Docs. 13 and 16], are **GRANTED.**

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE